UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

EVANSTON INSURANCE COMPANY, )
                            )
        Plaintiff,           )
                            )
v.                          )   No. 2:19-cv-00101
                            )
ECE SERVICES, PLLC d/b/a    )
ENVIRONMENTAL & CIVIL       )
ENGINEERING SERVICES,       )
                            )
        Defendant.           )

## MEMORANDUM OPINION

In this insurance-coverage dispute, Plaintiff Evanston Insurance Company ("Evanston") seeks a declaratory judgment that it had no duty to defend or indemnify its insured, Defendant ECE Services, PLLC d/b/a Environmental & Civil Engineering Services ("ECE"), in connection with a state-court lawsuit filed against ECE. Before the Court is ECE's Motion to Dismiss as Moot (Doc. No. 37; see also Doc. No. 38), asserting that the underlying state-court lawsuit has been dismissed with prejudice and ECE is no longer pursuing any claim against Evanston for failing to defend or indemnify ECE in that case. Evanston has filed a response in opposition (Doc. No. 47) and ECE replied (Doc. No. 48). For the following reasons, ECE's motion to dismiss will be granted.

### I.   BACKGROUND

ECE is in the business of developing drawings and specifications for environmental projects, along with overseeing the work of independent contractors on those projects. (See Doc. No. 1-2 at ¶ 2). In exchange for premium payments, ECE obtained an environmental professional liability insurance policy ("Policy") from Evanston covering the policy period between September 23, 2017 and September 23, 2018. (Doc. No. 1-4 at 6). The Policy provided that Evanston "will

pay those sums that [ECE] becomes legally obligated to pay as damages because of 'claims' that result from the rendering or failure to render 'professional services' for others to which this insurance applies." (Id. at 36). It also stated that Evanston has "the right and duty to defend [ECE] against any 'suit' seeking those damages." (Id.) Evanston agreed to pay up to $1 million per claim and $1 million in the aggregate, subject to a $50,000 self-insured retention. (Id. at 11, 35). In other words, ECE was responsible for the first $50,000 of defense costs and damages, and Evanston would cover up to $1 million in excess costs.

At some point in 2015, ECE contracted with the State of Tennessee ("State") to design and oversee a project involving dam repair services at Standing Stone State Park. (See Doc. No. 1-2 at ¶ 2). As relevant here, the contract required ECE to approve J&S Construction Co., Inc.'s ("J&S") concrete mix designs before J&S could begin work on the dam. (Id. at ¶ 3). ECE eventually approved J&S's designs with conditions, and J&S substantially completed the dam repair services in April 2016. (Id. at ¶¶ 10–12, 30). However, the State did not pay J&S for its repair services, and J&S subsequently filed a lawsuit against the State for breach of contract in the Davidson County Chancery Court. (See Doc. No. 1-2). In response, the State filed a Third-Party Complaint against ECE on September 5, 2018 (hereinafter, "Underlying Lawsuit"), alleging that ECE designed a flawed concrete formula, failed to monitor J&S during the project, and was professionally negligent in the performance of its duties under the contract. (Doc. No. 1-3 at 4–10).

ECE tendered the Underlying Lawsuit to Evanston, asserting that, under the Policy, Evanston had a duty to defend and indemnify ECE against the State's claims. (Doc. No. 1 ¶ 8). Evanston then filed the instant lawsuit seeking a declaratory judgment that it owed no such duties to ECE. (Doc. No. 1). ECE, in turn, filed a counter claim for breach of contract and a declaratory judgment in its favor. (Doc. No. 8 at 8–12). While this case was pending, however, the Underlying

Lawsuit was dismissed with prejudice against ECE. (Doc. No. 40-1). And because ECE paid less than $50,000 (i.e. the self-insured retention amount in the Policy) to defend against that lawsuit (see Doc. No. 37 at 2), ECE has now moved to dismiss this case and its counterclaim as moot.

## II.     LEGAL STANDARD

The justiciability doctrine of mootness is derived from Article III of the United States Constitution, which provides that the "judicial Power" extends only to "Cases" and "Controversies." U.S. Const. art. III, § 2. The case or controversy requirement "must be satisfied at the time a plaintiff first brings suit and . . . must remain satisfied throughout the life of the case." Hrivnak v. NCO Portfolio Mgmt., Inc., 719 F.3d 564, 567 (6th Cir. 2013) (citation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982) (some internal quotation marks omitted). "Parties lack a legally cognizable interest in a case's outcome when events make it impossible for the court to grant any effectual relief whatever to a prevailing party." Mokdad v. Sessions, 876 F.3d 167, 169 (6th Cir. 2017) (citations, punctuation, and internal quotation marks omitted).

A motion to dismiss for mootness is properly characterized as a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See KNC Invs., LLC v. Lane's End Stallions, Inc., 579 F. App'x 381, 383 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). Where, as here, the defendant makes a factual attack, the Court may consider and weigh evidence, including evidence outside of the pleadings, to determine whether the plaintiff has "carrie[d] the

3

burden of establishing subject matter jurisdiction by a preponderance of the evidence." Ready for the World Inc. v. Riley, No. 19-10062, 2019 WL 4261137, at *2 (E.D. Mich. Sept. 9, 2019) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)). Ultimately, "[t]he heavy burden of demonstrating mootness rests on the party claiming mootness." Cleveland Branch, NAACP v. City of Pharma, OH, 263 F.3d 513, 531 (6th Cir. 2001) (citation omitted).

### III. ANALYSIS

Here, ECE challenges the factual existence of subject matter jurisdiction by arguing that Evanston's request for declaratory judgment is moot. This argument makes logical sense, particularly given that ECE "is pursuing no further claim against [Evanston]" and admits that Evanston "has no obligation to [ECE]" under the Policy. (Doc. No. 37 at 3). Without a "live" claim based upon active factual allegations that Evanston owed ECE a duty to defend or indemnify it against the Underlying Lawsuit, the Court agrees that this case is moot and Evanston's request for a declaratory judgment is tantamount to a request for an advisory opinion. See Fialka-Feldman v. Oakland Univ. Bd. of Tr., 639 F.3d 711, 715 (6th Cir. 2011) (noting that "[t]he 'case or controversy' requirement prohibits all advisory opinions").

Evanston's sole argument against mootness is that "the claim has not been resolved" and that, without a declaratory judgment, "Evanston is exposed to later claims from ECE regarding the Underlying Lawsuit." (Doc. No. 47 at 4–5). But Evanston does not explain what these unresolved claims are, nor does it offer any reason why the declaratory judgment is necessary here when ECE is not seeking any recovery against Evanston, concedes that Evanston has no insurance obligtaions to ECE, and the Underlying Lawsuit has been dismissed with prejudice. Accordingly, Evanston's vague and unsupported arguments are not persuasive, and they certainly do not alter the Court's conclusion that this case is moot.

4

As a final note, the Court will deny ECE's request to dismiss this case and its counterclaim *with prejudice*. First, the Court is dismissing this case for lack of subject matter jurisdiction based on mootness, and "dismissals for lack of jurisdiction should generally be made *without prejudice*," subject to limited exceptions not applicable here. Ernst v. Rising, 427 F.3d 351, 367 (6th Cir. 2005) (citations omitted) (emphasis added). Second, ECE's voluntary dismissal of its counterclaim at this stage is governed by Federal Rule of Civil Procedure 41(a)(2), which allows the Court to dismiss a counterclaim at the claimant's request "on terms that the court considers proper." See also Fed. R. Civ. P. 41(c) (stating that "[t]his rule applies to a dismissal of any counterclaim"). Because the Court must dismiss this case without prejudice, the Court will also dismiss ECE's counterclaim without prejudice in the interest of fairness.

**IV.    CONCLUSION**

For the foregoing reasons, ECE's Motion to Dismiss as Moot (Doc. No. 37) will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE